# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1425

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri |
| | * | |
| Henry Taylor, Jr., | * | [TO BE PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2001

Filed:   July 27, 2001

_____

Before LOKEN, HEANEY, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Henry Taylor appeals the district court's order denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Taylor claims his trial counsel was ineffective for allegedly not following his instruction to file a direct appeal. Taylor also claims his counsel should have sought specific performance of the plea agreement in accordance with Taylor's interpretation of it. We affirm the district court in all respects.

I.

Taylor pleaded guilty to cocaine possession, 21 U.S.C. § 841(a)(1), pursuant to a plea agreement with the government. As part of the agreement, Taylor promised to cooperate with the federal government in other federal investigations. In exchange, the government promised that if it determined that Taylor provided "substantial assistance," the government would file a motion with the district court to reduce his sentence. Plea Agreement ¶ 9.

Prior to sentencing, the government determined that Taylor had provided "substantial assistance" in certain investigations. Accordingly, the government filed a motion for a downward departure with the district court. The government requested a reduction only under U.S.S.G. § 5K1.1; the government did not seek the more substantial reduction under 18 U.S.C. § 3553(e).

The parties had also discovered Taylor was a category IV offender, rather than a category VI offender, as they initially presumed.[1] With a criminal history category of IV, the low end of Taylor's Guideline range was 121 months. Because the mandatory minimum sentence for Taylor's crime was 120 months, the government's § 5K1.1 motion only authorized the district court[2] to depart downward 1 month. At the sentencing hearing, the district court offered Taylor the chance to express any concerns about his sentence. Taylor raised none. The district court granted the § 5K1.1 departure and sentenced Taylor to the statutory minimum, 120 months imprisonment.

---

[1]Taylor has not raised this as an issue for appeal. In any event, we have held that the doctrine of mutual mistake is not applicable in the context of plea agreements. See United States v. Olesen, 920 F.2d 538, 542 (8th Cir. 1990).

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

After the sentencing hearing, Taylor became upset with the government's recommendation. When Taylor's counsel did not file a direct appeal, Taylor accused him of ignoring his demand to file one. Taylor filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 alleging he was denied his Sixth Amendment right to effective assistance of counsel. Taylor claimed his counsel was deficient for not filing an appeal, for not seeking specific performance of the plea agreement, and for not informing the district court of the government's alleged breach of the agreement.

The district court held an evidentiary hearing on whether Taylor had, in fact, instructed his counsel to file an appeal. The district court questioned Taylor directly; the court found his testimony inconsistent and not credible. The district court further rejected Taylor's arguments concerning the plea agreement. As a result, the court denied Taylor's § 2255 motion. Taylor appeals.

## II.

To establish ineffective assistance of counsel Taylor must demonstrate: (1) his attorney's performance was deficient and fell outside the range of reasonable professional assistance; and (2) he suffered prejudice by showing that, absent counsel's ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998) (citing Strickland v. Washington, 466 U.S. 668 (1984)). We operate on the "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

We begin with Taylor's allegation that his counsel did not follow his instruction to file a direct appeal. We have held that "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989) (citations omitted). Because Taylor's counsel disputed Taylor's accusation, the district

-3-

court properly held an evidentiary hearing. See Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992). The district court found Taylor's testimony to be inconsistent and not credible. Indeed, at one point Taylor admitted to the court that he told his counsel *not* to appeal because he wanted to represent himself. The district court did not clearly err in finding Taylor did not instruct his counsel to appeal. See Rodriguez v. United States, 964 F.2d 840, 841-842 (8th Cir. 1992) (standard of review).

Taylor's primary argument on appeal is that his counsel was ineffective for not seeking to enforce the plea agreement in accordance with Taylor's particular interpretation of it. Thus, Taylor argues his counsel was ineffective for not seeking specific performance of the agreement, for not informing the district court of the government's alleged breach of it, and for not assisting Taylor in filing an appeal. All three claims derive from Taylor's interpretation of the agreement.

According to Taylor's reading of the agreement, once the government determined that he provided "substantial assistance," the government was required to recommend a statutory departure under 18 U.S.C. § 3553(e). Taylor contends that his interpretation of the plea agreement is so obviously correct that his counsel was deficient for not acting upon it. In contrast, the government argues the agreement gave it the sole discretion to decide whether to recommend a § 3553(e) reduction.

To decide this issue, we must decipher the poorly written plea agreement in this case. Paragraph nine explains–we use that word loosely–the government's obligations if Taylor provides substantial assistance. It reads:

> 9. "Substantial assistance" within the meaning of 18 U.S.C. § 3553(e) has not yet been provided by the defendant. Upon determination by the United States Attorney for the Western District of Missouri that the defendant has provided "substantial assistance," the government shall

-4-

request the Court to reduce the sentence defendant would otherwise receive under the applicable statutes ***and/or*** sentencing guidelines pursuant to ***28 U.S.C. § 994(n), 18 U.S.C. § 3553(e), and sentencing guidelines, section 5K1.1***. The government reserves the right to make the ***sole determination*** as to whether and when the defendant has provided such substantial assistance and further ***whether to request a reduction generally or a specific sentence or sentence reduction***.

See Plea Agreement ¶ 9 (emphases added). This plea agreement is a monument to legalese. The paragraph's three sentences drown in clauses. The key middle sentence runs over fifty words.[3] The middle sentence also makes unfortunate use of the "and/or" phrase. Strunk and White describe "and/or" as a "device, or shortcut, that damages a sentence and often leads to confusion or ambiguity." WILLIAM STRUNK, JR. & E.B. WHITE, THE ELEMENTS OF STYLE 40 (4th ed. 2000).

Taylor seizes on the agreement's awkward language to craft a creative interpretation of it. Taylor focuses on the conjunctive "and" in the last clause of the middle sentence. Plea Agreement ¶ 9. Taylor argues that if the government wanted to retain discretion over what kind of sentencing reduction it would recommend, it could have used the disjunctive "or" instead of the conjunctive "and." Id. Thus, Taylor concludes: "This provision of the plea agreement clearly states that the government will file a motion to request a sentence reduction pursuant to 18 U.S.C. § 3553(e) and sentencing guidelines, Section 5K1.1 so long as it determines that Mr. Taylor has provided 'substantial assistance.'"

---

[3]We note that the Securities and Exchange Commission, as part of its "Plain English" reforms, recommends that sentences in the Plain English sections of prospectuses should be limited to no more than twenty-five to thirty words. See, e.g., Plain English Disclosure (pt. 3), 62 Fed. Reg. 3152, 3155 (Jan. 21, 1997) (codified at 17 C.F.R. § 230.421) (2000).

Although Taylor's interpretation is clever, we are not ultimately persuaded by it. When a dispute arises over the meaning of a plea agreement, we try to discern the intent of the parties "as expressed in the plain language of the agreement *when viewed as a whole*." United States v. Kelly, 18 F.3d 612, 616 (8th Cir. 1994) (emphasis added). We do not read ambiguous phrases in "blinder-imposed isolation" from the rest of the paragraph. Id. (citing United States v. Coleman, 895 F.2d 501, 506 (8th Cir. 1990)).

When the paragraph is read as a whole, Taylor's interpretation loses force. Taylor's interpretation conveniently ignores the "and/or" in the clause immediately preceding the last clause. Plea Agreement ¶ 9. However clumsy the "and/or" may be as a writing device, it sufficiently conveys the intent of the government to retain discretion over whether to seek a § 3553(e) reduction "**and/*or***" a § 5K1.1 reduction. Id. (emphasis added). The government's case is bolstered further by the last sentence of paragraph nine; this sentence evidences the government's strong intent to retain the right to determine the specific form of sentencing reduction. See id. ("The government reserves the right ***to make the sole determination*** as to . . . . ***whether to request a reduction generally or a specific sentence or sentence reduction***.") (emphases added). Though not artfully drafted, when read as a whole, paragraph nine conveys the government's intent to retain discretion over whether to recommend a reduction under 18 U.S.C. § 3553(e). Cf. Kelly, 18 F.3d at 616.

Had we any remaining doubts about the intent of the agreement, they would be subsumed by our standard of review under Strickland. "Judicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689. Taylor's counsel was not objectively unreasonable in failing to act on Taylor's particular interpretation of the plea agreement. In short, Taylor has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Hunter v. Bowersox, 172 F.2d 1016, 1024 (8th Cir. 1999) (quoting Strickland, 466 U.S. at 689). Accordingly, each of Taylor's claims of ineffectiveness fail.

-6-

## III.

For those reasons, we affirm the district court's denial of Taylor's motion to vacate his sentence under 28 U.S.C. § 2255.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.