# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3351

_____

United States of America,　　　　　\*
　　　　　　　　　　　　　　　　　\*
　　　　　　Appellee,　　　　　　　\*
　　　　　　　　　　　　　　　　　\*　Appeal from the United States
　　　v.　　　　　　　　　　　　　\*　District Court for the
　　　　　　　　　　　　　　　　　\*　District of South Dakota.
Clara Sophie Loefer,　　　　　　　\*
　　　　　　　　　　　　　　　　　\*　　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　 \*

_____

Submitted: February 6, 2007
Filed:  February 12, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Clara Sophie Loefer (Loefer) pled guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  Calculating an advisory Guidelines sentencing range of 78 to 97 months' imprisonment, the district court[1] imposed a sentence of 87 months' imprisonment, rather than the statutory minimum, a term of 60 months' imprisonment. Loefer argues that in setting her sentence, the district court relied on "erroneous facts"

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

about Loefer's leadership, recruitment, or involvement in the conspiracy and relied on an impermissible factor by referring to her failure to cooperate.

Loefer's argument regarding the district court's factual findings is without merit. Loefer never objected to the presentence investigation report's (PSR) application of the role enhancement or its factual statements that the drugs were primarily sold out of Loefer's house and Loefer had "some control" over members of the conspiracy by directing the sale of the drugs. Thus, the district court's factual findings regarding Loefer's leadership role were not clearly erroneous. See United States v. Rouillard, No. 06-1857, 2007 WL 188308, at *1 n.1 (8th Cir. 2007) (accepting as true any unobjected to facts set forth in the PSR).

Additionally, the district court did not rely on an impermissible factor–Loefer's failure to cooperate[2]–to sentence her in the middle of the Guidelines range. The record indicates the court referred to Loefer's failure to cooperate in order to respond to her sentencing disparity concerns. In so doing, the court reasoned (1) Loefer had a leadership role in the conspiracy, (2) the defendants who cooperated received reduced sentences based on their cooperation, and (3) Loefer had not cooperated. There is no sentencing disparity when a more culpable co-conspirator receives a harsher sentence. See United States v. Plaza, 471 F.3d 876, 880 (8th Cir. 2006).

Therefore, we affirm.

_____

---

[2]See U.S.S.G. § 5K1.2 (defendant's refusal to assist authorities in investigation of others may not be considered as aggravating sentencing factor).