# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1651

_____

Clara Sophie Loefer,

    Appellant,

   v.

United States of America,

    Appellee.

      \* Appeal from the United States
      \* District Court for the
      \* District of South Dakota.

_____

Submitted: February 11, 2010
Filed: May 11, 2010

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Clara Sophie Loefer pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The district court[1] imposed a sentence of eighty-seven months' imprisonment after applying a three-level enhancement under United States Sentencing Guideline § 3B1.1(b) for Loefer's leadership role in the conspiracy. The factual basis for this enhancement was contained in Loefer's presentence investigation report ("PSR"), to

_____

[1] The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

which Loefer's prior counsel did not object. Loefer filed a direct appeal to our court arguing that the district court relied on facts outside the record in making its sentencing determination. We rejected Loefer's claim, finding that the uncontested PSR stated that the drugs were primarily sold out of Loefer's house and that Loefer had "some control" over members of the conspiracy. United States v. Loefer, 215 F. App'x 567, 568 (8th Cir. 2007) (unpublished per curiam). This, we concluded, rendered the district court's determination of Loefer's leadership role not clearly erroneous. Id.

Loefer then filed a 28 U.S.C. § 2255 motion for post-conviction relief, alleging that her sentencing counsel provided constitutionally ineffective assistance by not objecting to the PSR. After a hearing, the district court adopted the recommendation of the magistrate judge[2] and denied Loefer's motion, finding that sentencing counsel's decision not to object was tactical and based upon sound trial strategy. The district court granted Loefer's motion for a certificate of appealability. We review the district court's legal conclusions *de novo* and its factual findings for clear error. United States v. Hernandez, 436 F.3d 851, 854–55 (8th Cir. 2006).

To maintain a claim for ineffective assistance of counsel, Loefer must prove that her prior counsel's performance was deficient and that she suffered prejudice as a result of this deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). Because of the problems inherent in hindsight analysis, we "'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 689). Accordingly, decisions involving trial strategy are "virtually unchallengeable." Link v. Luebbers, 469 F.3d 1197, 1204 (8th Cir. 2006). Loefer argues that she received ineffective assistance of counsel both at

_____

[2]The Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

sentencing and on direct appeal. We find that Loefer has failed to satisfy Strickland's deficient-performance prong and therefore do not address the parties' arguments in regard to prejudice.

Loefer first claims that prior counsel was deficient for failing to object to the PSR. We disagree. Prior counsel's testimony from the evidentiary hearing indicates that his decision not to object to the relevant portions of the PSR was a well-reasoned, tactical decision. Prior counsel testified that he was aware of the fact that his decision not to make an objection to facts in the PSR would result in the court's acceptance of those facts as true. However, after talking with his client and reviewing the relevant evidence, he believed that the statements in the PSR were true. Further, he believed that the case law supported the enhancement under U.S.S.G. § 3B1.1(b). Finally, prior counsel testified that he believed making a meritless objection could risk losing credibility with the district court and result in the Government calling witnesses to prove Loefer's role in the conspiracy. These risks, he testified, outweighed any benefit that could come from objecting to the PSR. After reviewing this testimony in light of the record in this case, we are convinced that prior counsel's decision not to object to the PSR was an objectively reasonable decision based on sound trial strategy.

Loefer also claims that prior counsel's arguments at sentencing and on appeal, when viewed in light of prior counsel's decision not to object to the PSR, constituted a contradictory, and therefore constitutionally deficient, trial strategy. Again, we disagree. The record indicates that prior counsel made two arguments in regard to sentencing after opting not to object to the PSR. First, he argued at sentencing that, although the facts supported a three-level enhancement under U.S.S.G. § 3B1.1(b), the enhancement overstated Loefer's level of control in the conspiracy—an argument for a lower overall sentence. Second, he argued at sentencing and on appeal that the district court utilized facts outside of the record during sentencing. These arguments are neither inconsistent with a decision not to object to the PSR nor do they render prior counsel's performance constitutionally deficient. Given prior counsel's strategy

of avoiding the risks accompanying objection to the PSR, these arguments were reasonable and part of a sound trial strategy.

For the foregoing reasons, we affirm the judgment of the district court.

_____