# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1182

_____

Thomas Michael Morelos

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: October 19, 2012
Filed: March 14, 2013

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

In 2007, Thomas Michael Morelos was convicted of conspiracy to distribute methamphetamine and marijuana. After the denial of his direct appeal, Morelos filed this motion to vacate, set aside, or correct his sentence, asserting claims of prosecutorial misconduct and ineffective assistance of both trial and appellate

counsel. The district court[1] denied the motion, addressing all of Morelos's grounds for his claims except a single allegation Morelos's trial counsel had been subject to an actual conflict of interest when his license to practice law in South Dakota had been suspended. We exercise our discretion to reach this allegation and affirm the district court on all issues.

I

In 2007, Morelos was charged in Iowa with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 841(b)(1)(B). Morelos's girlfriend hired as his trial counsel Robert Finney, a former county attorney who had successfully prosecuted Morelos for a state crime in Nebraska approximately ten years earlier, and who had since entered private practice. Morelos knew Finney had previously prosecuted him when the two first met regarding the drug trafficking charges.

Initially, Finney had been licensed to practice law in Iowa, Nebraska, and South Dakota. However, after Morelos's trial commenced, the Nebraska Supreme Court administratively suspended Finney's Nebraska law license for failure to file certain documents in an unrelated matter. Although it was not discovered until after the trial, the suspension of Finney's Nebraska license had also caused his license to practice law in South Dakota to be reciprocally suspended.

The trial court conducted a colloquy with Morelos regarding whether the suspension of Finney's Nebraska law license or Finney's prior prosecution of him had prompted Morelos to want to proceed at trial with different counsel. Morelos told the

---

[1]The Honorable Donald O'Brien, United States District Judge for the Northern District of Iowa.

trial court he was aware of both issues, he had no problems with proceeding with Finney as his trial counsel, and he did not want to obtain a different attorney to represent him. The trial court accepted Morelos's statements as a waiver of any potential conflicts of interest.

During its case in chief, the government presented the testimony of three of Morelos's co-conspirators, each of whom had agreed to testify in exchange for consideration on their own charges. One of the three, Rafael Murillo-Guzmán, had been granted absolute immunity regarding any testimony he provided about his methamphetamine trafficking with Morelos.

The jury ultimately convicted Morelos. He appealed, arguing, amongst other issues which are not pertinent here, Finney had provided ineffective assistance as his trial counsel. We affirmed the trial court on all issues except the claim of ineffective assistance of counsel, which we declined to address because the record regarding the claim had not been properly developed. United States v. Morelos, 544 F.3d 916 (8th Cir. 2008).

Morelos then filed the instant motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, asserting claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. After an evidentiary hearing, the district court denied the motion and granted Morelos a certificate of appealability on all issues.

II

On appeal from a denial of a 28 U.S.C. § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error. Loefer v. United States, 604 F.3d 1028, 1029 (8th Cir. 2010) (citing United States v. Hernandez, 436 F.3d 851, 854-55 (8th Cir. 2006)).

-3-

A

We first address Morelos's claim of ineffective assistance of trial counsel. To succeed on a claim of ineffective assistance of trial counsel, a defendant must prove 1) his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance, and 2) he suffered such prejudice stemming from the deficient performance there is a reasonable probability the proceeding would have had a different result. United States v. Taylor, 258 F.3d 815, 818 (8th Cir. 2001). Failure to establish either prong is fatal to a claim of ineffective assistance. Worthington v. Roper, 631 F.3d 487, 498 (8th Cir.) (citing Strickland v. Washington, 466 U.S. 668, 697 (1984)), cert. denied, 132 S. Ct. 763 (2011).

1

Morelos first asserts he was prejudiced by Finney's failure to adequately impeach the government's witnesses at trial through proper cross-examination or the raising of adequate objections. "[W]e generally entrust . . . matters of trial strategy[] to the professional discretion of counsel." United States v. Orr, 636 F.3d 944, 952 (8th Cir.) (internal citation and quotation marks omitted), cert. denied, 132 S. Ct. 758 (2011).

Morelos, however, fails to prove he was prejudiced by either Finney's efforts at cross-examination or failure to raise additional objections. Morelos's theory of cross-examination prejudice is merely speculative, generally averring if Finney had pursued additional lines of questioning with each of the government's witnesses, it was possible those witnesses would have responded in such a way as to lessen their credibility. Even Morelos's most persuasive claim in this area, that the jury would have discredited the testimony of Murillo-Guzmán had it learned he had been granted absolute immunity instead of a less advantageous plea deal, is mere speculation ignoring the evidence which corroborated the testimony of the government's

-4-

witnesses.[2] See Morelos, 544 F.3d at 919 (discussing the evidence corroborating the testimony of each witness). In addition, Morelos fails to support his argument regarding Finney's failure to raise additional objections with any demonstration of prejudice resulting from the admission of the testimony to which he asserts Finney should have objected.

2

Morelos next contends Finney provided ineffective assistance during closing arguments by failing to explain to the jury the government's burden to prove each witness credible beyond a reasonable doubt. However, Morelos mischaracterizes the government's burden at trial. The government bears the burden of proving each element of a crime beyond a reasonable doubt. See, e.g., Patterson v. New York, 432 U.S. 197, 204 (1977). Although the determination whether an element is established often rests on a fact finder's assessment of the credibility of a witness, a jury is free to find only a portion of a witness's testimony credible while rejecting the rest. See United States v. Close, 518 F.3d 617, 620 (8th Cir. 2008) (citing United States v. Montano, 506 F.3d 1128, 1133 (8th Cir. 2007)). Accordingly, the government need not prove the whole of each witness's testimony credible beyond a reasonable doubt. Morelos cannot have been prejudiced by Finney's failure to offer an explanation of the government's burden which, if offered, would have inaccurately characterized the burden.

---

[2]Morelos also contends Finney should have objected to the admission of Murillo-Guzmán's testimony on the basis it had been obtained in exchange for absolute immunity. However, any bias accruing as a result of receiving immunity would have gone to the weight to be given to the testimony, not its admissibility. Accordingly, objecting to the admission of Murillo-Guzmán's testimony on such a basis would have been unsuccessful.

Morelos next contends he was prejudiced when Finney failed to request an additional jury instruction regarding the trustworthiness of co-conspirator testimony. Morelos, however, does not offer the text of the instruction he would have had Finney request and, thus, has not provided this court with a basis to determine whether there is a reasonable possibility the failure affected the result of the trial.

4

Morelos next contends he was prejudiced by Finney's failure to raise the issue of whether the government had proven the type of methamphetamine for which it had charged him. "The government, for sentencing purposes, bears the burden to prove drug type by a preponderance of the evidence." United States v. Lugo, 702 F.3d 1086, 1089 (8th Cir. 2013) (citing United States v. Thompson, 335 F.3d 782, 784 (8th Cir. 2003)). Under the sentencing guidelines in effect at the time Morelos was convicted,[3] a sentencing court was to calculate a defendant's base offense level with regard to crimes involving methamphetamine on the basis of either the weight of the mixture containing methamphetamine or the weight of the pure methamphetamine in the mixture. U.S. Sentencing Guidelines Manual §§ 2D1.1 Notes to Drug Quantity Table (A)-(B) (2007). At trial, the government provided testimony regarding the weight of both the pure methamphetamine and the weight of the mixture containing

---

[3]In his initial pro se brief, Morelos based this ground on the distinction between L-Type methamphetamine and D-Type methamphetamine. The distinction in the sentencing guidelines between L-Type and D-Type methamphetamine was eliminated in 1995 and was immaterial to the charges against Morelos in 2007. See United States v. Glover, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996). However, Morelos's counsel for the instant motion reframed Morelos's argument to address the "type" of methamphetamine— pure or mixture —pertinent to the charges against Morelos. The district court ruled on the argument as reframed.

methamphetamine. Accordingly, any argument the government had failed to provide such evidence would have been frivolous.

5

Morelos next contends he was prejudiced by Finney's failure to withdraw as his counsel when actual conflicts of interest arose from 1) Finney's history of having previously prosecuted Morelos, 2) the suspension of Finney's license to practice law in Nebraska, and 3) the suspension of Finney's license to practice law in South Dakota.[4]  A defendant pleading an ineffective assistance of counsel claim typically establishes prejudice under the Strickland standard.  See, e.g., Taylor, 258 F.3d at 818.  Morelos, however, urges us to review his claims of actual conflicts of interest under the standard of Cuyler v. Sullivan, 446 U.S. 335 (1980).

Under Cuyler, we will presume the prejudice prong is established when a defendant is able to prove his counsel's performance was adversely affected by an actual conflict of interest which arose from jointly representing multiple defendants. Id. at 349-50.  Since the decision in Cuyler, both the Supreme Court and this court have cabined the lower burden in establishing prejudice to cases in which the alleged actual conflict of interest arose from counsel jointly representing multiple parties. Noe v. United States, 601 F.3d 784, 790 (8th Cir. 2010) (citing Mickens v. Taylor, 535 U.S. 162, 174-175 (2002)).  In fact, we have expressly refrained from deciding whether the lowered burden in establishing prejudice applies to actual conflicts of

---

[4]Although Morelos advanced his argument regarding the suspension of Finney's South Dakota law license before the district court, the district court did not rule on the claim.  We typically do not consider issues not ruled on by the court below, but may exercise our discretion to resolve an issue in the first instance when the proper resolution is not in doubt.  See Sanders v. Clemco Indus., 823 F.2d 214, 217-18 (8th Cir. 1987).  We so exercise our discretion here to rule on Morelos's claim regarding the suspension of Finney's license to practice law in South Dakota.

-7-

interest which did not arise out of multiple representation. Id. (citing Covey v. United States, 377 F.3d 903, 907 (8th Cir. 2004); Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003)).

Similarly, we decline to decide the issue here because we conclude Morelos's claims would fail under the standards of either Cuyler or Strickland. See, e.g., Noe, 601 F.3d at 790 (concluding the petitioner would lose under either Cuyler or Strickland and declining to decide the applicability of Cuyler).

Under Cuyler a defendant must prove the existence of an actual conflict of interest. 446 U.S. at 348. "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." Noe, 601 F.3d at 790 (quoting Mickens, 535 U.S. at 174-75). "The effect must be actual and demonstrable, causing the attorney to choose to engage or not to engage in particular conduct." Id. (quoting Covey, 377 F.3d at 908). To prove a conflict produced an adverse effect, a defendant must "identify a plausible alternative defense strategy or tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." Winfield v. Roper, 460 F.3d 1026, 1039 (8th Cir. 2006) (quoting Covey, 377 F.3d at 908) (internal quotations omitted). Assuming, *arguendo*, the steps which Morelos now claims Finney should have taken at trial constitute an objectively reasonable and plausible trial strategy, Morelos has failed to establish Finney's failure to act as now suggested by Morelos was linked to the suspension of either of Finney's licenses or his history of having prosecuted Morelos. Accordingly, Morelos has not established the existence of an actual conflict of interest and his claim would fail under the Cuyler standard.

Under the Strickland standard, a defendant must establish both deficient performance and resulting prejudice in order to succeed on a claim of ineffective

assistance of counsel. Taylor, 258 F.3d at 818 (citing Strickland, 466 U.S. at 689). Morelos claims Finney deficiently performed by not independently withdrawing due to the previous prosecution and suspensions of his Nebraska and South Dakota law licenses. On review, we operate on the "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. The case in which Finney had prosecuted Morelos concerned an unrelated state matter and had been tried approximately a decade prior to the representation at issue in a different jurisdiction. In addition, Morelos hired Finney to represent him aware of the previous prosecution and continued to employ him after the two had discussed the previous prosecution at their first meeting. Given these circumstances, we cannot conclude Finney's decision not to independently withdraw over the fact of his previous prosecution of Morelos strayed beyond the range of reasonable professional assistance.

Nor can we conclude on the record before us that Finney's decision not to independently withdraw over the suspension of his licenses to practice law in Nebraska and South Dakota strayed beyond the realm of reasonable professional assistance. At the time Morelos hired Finney, Finney was licensed to practice in Iowa, Nebraska, and South Dakota. Even though the suspensions meant Finney could not lawfully practice law in the states of Nebraska and South Dakota, Morelos has not demonstrated any way in which either of those suspensions negatively impacted Finney's ability to practice law in a federal court in Iowa such that his continued service as Morelos's trial counsel fell outside the scope of assistance guaranteed by the Sixth Amendment. To be clear, we do not hold the suspension of a lawyer's license in one jurisdiction may never impact the lawyer's ability to render reasonable professional assistance in another. We merely hold Morelos has failed to carry his burden to prove the suspension of Finney's licenses to practice in two other jurisdictions rendered his decision not to independently withdraw from a case being tried in a jurisdiction in which he could still lawfully practice, fell outside the realm of reasonable professional assistance. Accordingly, Morelos's claim of Finney

rendering ineffective assistance by failing to independently withdraw would also fail under the <u>Strickland</u> standard.[5]

B

We turn to Morelos's claims of ineffective assistance of appellate counsel. To establish ineffective assistance of appellate counsel, a defendant must show 1) his appellate counsel's performance fell below an objective standard of reasonableness, and 2) the deficient performance prejudiced his defense. <u>Zinzer v. State of Iowa</u>, 60 F.3d 1296, 1299 (8th Cir. 1995).

Morelos asserts he was prejudiced by his appellate counsel's failure to adequately argue on direct appeal Finney's failure to make adequate objections or independently withdraw as Morelos's counsel. Morelos also argues his appellate counsel was ineffective in failing to raise on direct appeal any of the remaining grounds Morelos now asserts in support of his ineffective trial counsel claim. Because we conclude all of Morelos's grounds for his claim of ineffective assistance of trial counsel are unavailing, Morelos has failed to prove he suffered any prejudice from the manner in which his appellate counsel handled his direct appeal. Accordingly, Morelos's claim of ineffective assistance of appellate counsel must also fail.

---

[5]Morelos argues the district court's colloquy was insufficient to constitute a waiver of his right to conflict-free counsel. <u>See</u> <u>United States v. Brekke</u>, 152 F.3d 1042, 1045 (8th Cir. 1998) (the right to conflict-free counsel may be waived). However, because we conclude Morelos has failed to prove the existence of a conflict of interest, we need not address whether Morelos waived any such conflicts.

-10-

## C

Finally, we turn to Morelos's claim of prosecutorial misconduct, in support of which Morelos offers only unsupported allegations regarding the manner in which his co-conspirators testified and speculation the prosecutor coached the testimony. We find no merit in Morelos's unsupported allegations.

## III

The judgment of the district court is affirmed.

_____