# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3610

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Thomas Jensen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2005
Filed: September 13, 2005

_____

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Thomas Jensen appeals from the sentence imposed by the district court[1] following his plea of guilty to assaulting a federal officer, a violation of 18 U.S.C. § 111. We affirm.

## I.

Tribal police officers and Special Agent Carl Martinez of the Bureau of Indian Affairs were summoned to Jensen's home on the Pine Ridge Indian Reservation on

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

August 13, 2003, in response to a complaint that Jensen was threatening his sister and her children. Jensen was depressed, intoxicated, and armed with a rifle. After assessing the situation, the officers divided into entry teams, with the objective of entering Jensen's home and disarming him. Several officers kicked in the doorway, and Jensen raised his rifle at them as they approached. Upon seeing Jensen raise his rifle, Special Agent Martinez backed away for his safety, fell, and injured his back.

Following his arrest, Jensen pled guilty pursuant to a plea agreement. Part D of the Agreement provided, in relevant part, that:

> The United States agrees that it will unless there is significant evidence disclosed in the presentence investigation to the contrary, recommend that the Court find that the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and in recognition thereof, in accordance with U.S.S.G. § 3E1.1(a), reduce the defendant's offense level by two levels.
>
> If the defendant enters into this plea agreement by July 13, 2004, and returns a signed copy of the plea agreement to the United States, and assuming U.S.S.G. § 3E1.1(b) applies, the United States will make a motion, pursuant to U.S.S.G. § 3E1.1(b), stating that the defendant has assisted authorities in the investigation of his own misconduct and asking the Court to find that the defendant timely notified authorities of his intention to enter a guilty plea, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate its resources efficiently, and in recognition thereof, reduce the defendant's offense level by an additional level.

Plea Agreement at 2. Jensen signed the plea agreement on July 7, 2004.

The district court permitted Jensen to stay at a community corrections facility pending sentencing so that he could participate in a substance abuse treatment program and attempt to obtain employment. After being granted a weekend pass from

the facility, Jensen returned two days late and admitted to drinking alcohol and smoking marijuana over the course of the weekend. Although the government argued at sentencing that these actions precluded Jensen from receiving a two-level reduction for acceptance of responsibility, the district court granted the reduction. The district court noted that it was unable to award an additional level reduction because the government had not moved for one. In light of its award of a two-level reduction for acceptance of responsibility, the district court calculated Jensen's guidelines range as 30 to 37 months in custody. Following its extensive recitation of the circumstances that it took into account in determining an appropriate sentence for Jensen, including the fact that Jensen had placed the lives of several family members and several officers at risk, the district court concluded that "I think that a sentence in the middle of the advisory guideline range of 33 months is appropriate after I factored in all of those factors." Sent. Tr. at 38.

## II.

Jensen asserts that the government breached the plea agreement in failing to move that an additional level reduction be awarded. We review *de novo* issues pertaining to the interpretation and enforcement of a plea agreement. United States v. DeWitt, 366 F.3d 667, 669 (8th Cir. 2004). Plea agreements are contractual in nature and should be interpreted according to general contractual principles. Id. Where a plea agreement is ambiguous, the ambiguities are construed against the government. United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc). Allowing the government to breach a promise that induced a guilty plea violates due process. United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996). "With respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights—to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." United States v. Thompson, 403 F.3d 1037, 1039 (8th Cir. 2005) (citation omitted).

By signing the plea agreement on July 7, 2004, Jensen satisfied the condition set forth in the second paragraph of Part D of the plea agreement. The government contends, however, that the caveat in the first paragraph of Part D (". . . unless there is significant evidence disclosed in the presentence investigation to the contrary") applies to the second paragraph and that Jensen's actions negated the government's obligation to move for the additional level reduction. Whatever force this argument might have in other circumstances (and we note that the government could no doubt have drafted the agreement in such a way as to make express its argued-for meaning), we conclude that once the district court granted a two-level reduction on its own motion, the government was obligated to move for the additional level reduction and that its failure to do so constituted a breach of the agreement.

**III.**

Because Jensen failed to allege a breach at sentencing, we are limited to reviewing his now-raised challenge for plain error under the four-part test of United States v. Olano, 507 U.S. 725 (1993). Pursuant to that test, before we can correct an error not raised at trial, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. Johnson v. United States, 520 U.S. 461, 466-67 (1997). If all three conditions are met, we may remedy the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Assuming, *arguendo*, that Jensen has established the existence of the first two Olano factors, we conclude that he has not established that his substantial rights have been affected. Jensen cites United States v. Granados, 168 F.3d 343 (8th Cir. 1999) (per curiam), for the proposition that when the government breaches a plea agreement, "a defendant's substantial rights are affected if his sentence is longer than it should have been under the plea agreement." Likewise, Jensen cites our recent opinion in United States v. Morton, 412 F.3d 901 (8th Cir. 2005), in which we reiterated our holdings that unless the government can show that its breach of an

agreement to move for a downward departure did not affect the sentence imposed, the defendant is entitled to be resentenced.

We conclude that Granados and Morton do not establish that Jensen is entitled to resentencing. The defendant in Granados was sentenced to 175 months, and the appropriate guideline range absent the breach was between 121-151 months. In contrast, Jensen was sentenced to 33 months, and the applicable guideline range absent the breach would have been between 27-33 months. In Morton, the defendant was sentenced at the bottom of the sentencing range for his offense, leading the court to believe that a lesser sentence might have been imposed had the government fulfilled its obligation to move for a one-level reduction under § 3E1.1(b).

We are led to this conclusion because in sentencing Jensen the district court explicitly deemed the guidelines as being advisory only. See Sen. Tr. at 4 ("I am going to view the sentencing guidelines as advisory only and not as binding under the particular circumstances of this case."). As indicated above, the district court concluded that "a sentence in the middle of the advisory guideline range of 33 months is appropriate." Id. at 38. Jensen emphasizes the district court's use of the phrase "in the middle" and infers from this language that, absent the breach, the district court would have sentenced him to 30 months, which is the middle of the range that would have been applicable had the government moved for the additional downward departure level. We find this argument unpersuasive. In light of the district court's treatment of the guidelines as advisory only and its extensive discussion of the myriad factors that went into its sentencing determination (including the fact that Jensen's actions put at risk the lives of his sister, her three children, and the law enforcement officers), id., Jensen has not demonstrated a reasonable probability that the district court would have imposed a lesser sentence had the government moved for the additional reduction level. Accordingly, he has not established prejudice sufficient to satisfy the third Olano factor.

The sentence is affirmed.

_____