# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3606

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Edward Earl Williams, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: December 30, 2009

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Edward Earl Williams appeals from the district court's[1] order granting the government's motion for a 12-month sentence reduction. We dismiss for lack of jurisdiction.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

I.

In 2003, Williams pled guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846, and was sentenced to 262 months imprisonment. In 2004, Williams provided assistance to the government in an unrelated case. Based on this assistance, Williams's sentence was reduced to 130 months under Federal Rule of Criminal Procedure 35(b).[2] In 2007, Williams again cooperated with the government by testifying in an unrelated murder trial. On April 9, 2008, William D. Massey, counsel for Williams, sent an email to Pat Harris, the attorney for the government. Massey requested a sentence reduction for Williams that adequately reflected the "magnitude of the assistance" Williams had provided the government in the 2007 murder case. Massey advised Harris, "we trust your judgment and will respect and appreciate your decision." On October 2, 2008, Harris responded and indicated that if Massey did not pursue a higher reduction, the government would move for a 12-month sentence reduction. Harris noted that Williams "got a very generous reduction" for his assistance in 2004.

On October 10, 2008, the government moved for the 12-month sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b). Attached to this motion was a certificate of service indicating that on October 10, 2008, the motion had been mailed to Massey. On October 14, 2008, Massey sent Williams a letter advising him of the government's decision to request the 12-month reduction, stating, "As the decision about whether to file the Rule 35 in the first place is solely the [government's], it appears we don't have a lot of choice. I want your thoughts though. Please either call or write." The record does not reflect any response from Williams. On October 20, 2008, the district court granted the government's motion—without a

---

[2]When a defendant provides "substantial assistance" to the government, a court may reduce the defendant's sentence upon request by the government. See Fed. R. Crim. P. 35(b).

hearing—and reduced Williams's sentence by 12 months. Massey's office informed Williams of the district court's order in a letter dated October 22, 2008. Williams brings this appeal.

## II.

On appeal, Williams contends that the district court imposed the 12-month sentence reduction in violation of law because (1) he was denied an opportunity to be heard in response to the government's Rule 35(b) motion, and (2) the district court's sentence reduction did not adequately reflect the substantial assistance he provided to the government. This court is without jurisdiction to review Rule 35(b) sentences unless one of four criteria are met under 18 U.S.C. § 3742(a). United States v. Haskins, 479 F.3d 955, 957 (8th Cir. 2007) (per curiam) (holding that jurisdiction over an appeal of a Rule 35(b) sentence is governed by 18 U.S.C. § 3742(a), not the general grant of jurisdiction under 28 U.S.C. § 1291). These four criteria are: (1) the sentence was imposed in violation of law, (2) the sentence was imposed using an incorrect application of the sentencing guidelines, (3) the sentence is greater than the applicable guidelines range, or (4) the sentence is imposed for an offense without a sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a)(1)-(4).

Williams only argues one of these four criteria—that the sentence was imposed in violation of law. However, Williams's claims that the reduction was imposed in violation of law are without merit. This court has never held that a Rule 35(b) defendant has the right to an opportunity to be heard.[3] Additionally, "[a]bsent an

---

[3]Notably, the record belies Williams's claim that he did not have an opportunity to be heard. The record is replete with evidence that both Williams and Massey were fully informed that the government would, and did, request a 12-month reduction. The evidence includes: (1) the April 9, 2008, and October 2, 2008, email exchanges between Harris and Massey that referenced the sentence reduction, (2) the October 14, 2008, letter from Massey informing Williams of the government's decision to seek a 12-month reduction, and (3) the certificate of service for the government's Rule 35(b)

unconstitutional motive, the extent to which a district court exercises its discretionary authority to depart downward is not subject to review." United States v. Sykes, 356 F.3d 863, 865 (8th Cir. 2004) (holding that a defendant's claim that the district court should have further reduced his sentence based on the government's rule 35(b) motion was unreviewable). Because Williams's claims do not satisfy any of the criteria listed in 18 U.S.C. § 3742(a), we conclude that they are unreviewable by this court. See United States v. Coppedge, 135 F.3d 598, 599 (8th Cir. 1998) (per curiam) (determining that a challenge to the extent of a sentence reduction upon the government's Rule 35(b) motion was unreviewable because the appeal was not based on any criteria listed in § 3742(a)).

III.

Accordingly, we dismiss this appeal for lack of jurisdiction.

_____

motion indicating that Massey had, in fact, been served with the motion on October 10, 2008—10 days prior to the issuance of the district court's order. Despite all of this notice, the record does not reflect that either Williams or Massey sought to file a response or requested an evidentiary hearing on the matter.