COLLOTON, Circuit Judge,
dissenting.
The court concludes that the district court made an obvious error that affected *764 the substantial rights of Sean Lewis and seriously affected the fairness, integrity, or public reputation of judicial proceedings. What actually happened is far less dramatic and does not warrant reversal.
A defendant has no right under the Federal Rules of Criminal Procedure or the Constitution to be present at a hearing that involves the reduction , of sentence under Rule 35(b). Fed.R.Crim.P. 43(b)(4); United States v. Webb, 565 F.3d 789, 795 (11th Cir.2009); see United States v. Williams, 590 F.3d 579, 580 (8th Cir.2009) (“This court has never held that a Rule 35(b) defendant has the right to an opportunity to be heard.”). Nonetheless, the court reasons that the government promised in a plea agreement with Lewis that he would have a “right to participate in the hearing.” Ante, at 761. The court observes that “[a]llowing the government to breach a promise that induced a guilty plea violates due process,” id. (internal quotation omitted), and then concludes that “[b]y allowing the Rule 35(b) hearing to go forward without giving Lewis the opportunity to participate,” the government breached the agreement. Ante, at 762.
There are two principal difficulties with this rationale. The first is that under the applicable plain-error standard of review, the government’s alleged promise must be clear, and it is not. The provision in question states as follows:
10. Evidence at Sentencing. The defendant, the defendant’s attorney, and the Government attorney may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide , all relevant information to the U.S. Probation Office for use in preparing a presentence report.
This paragraph is ambiguous. Lewis contends that it grants him a new right to be present at proceedings even when the rules provide that he need not be present. But it could also mean, as the government argues, that at those proceedings where Lewis already has a right to be present, he and his attorney are free to make whatever comment or evidentiary offer they deem appropriate. The agreement, after all, does not speak of a right to be present, but only of a right to make comments and evidentiary offers, thus implying that the clause may concern only proceedings at which the defendant already will be present without regard to the agreement. This construction is consistent with the title of the paragraph, “Evidence at Sentencing,” which refers to a proceeding at which the defendant’s presence is required and at which the rules provide for the presentation of evidence. Fed.R.Crim.P. 43(a)(3), 32(i)(2). The government could have done a better job of drafting, but its interpretation is not unreasonable.
The court rejects the government’s interpretation because it would make the disputed clause “mere surplusage.” But this approach views one aspect of the clause in isolation and overlooks the context in which it appears. The clause itself undoubtedly includes surplusage. The defendant already has a right to present “evidence at sentencing,” and to make whatever comment he deems appropriate at sentencing. Fed.R.Crim.P. 32(i)(2), (4). The very next sentence in the agreement says that “[t]he parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.” This includes surplusage; the defendant and his attorney already have a right to provide such information. See Fed.R.Crim.P. 32(c)(2). The *765 next paragraph states that “the parties are free to espouse their respective positions at sentencing” about issues relating to fines and costs of incarceration. This is mere surplusage; Lewis and the government already have a right to be present at sentencing and to espouse their positions on fines and costs. Fed.R.Crim.P. 320)(1)(C), 32(i)(4)(A), 43(a)(3). There is no question that the agreement recounts some rights that already exist. It is not unreasonable to construe as one such instance the reference in paragraph 10 to the defendant’s right to make comments and offers of evidence.
Because the agreement is unclear, the district court did not commit a clear and obvious error by failing to adopt, sua sponte, Lewis’s present interpretation. The court says alternatively that the district court made a plain error because it should have identified the disputed clause on its own initiative and construed it in Lewis’s favor, under the rule that ambiguous instruments are construed against the drafter. In Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009), however, the Supreme Court said that “the second prong of plain-error review ... will often have some ‘bite’ in plea-agreement cases,” because “[n]ot all breaches will be clear or obvious.” Id. at 1433. The Court recognized what is evident here: “Plea agreements are not always models of draftsmanship, so the scope of the Government’s commitments will on occasion be open to doubt.” Id. This discussion in Puckett would be meaningless, and the second prong toothless, if a rule of construing doubtful provisions against the government made debatable breaches into plain errors.
There is a second problem with the court’s analysis. Even under Lewis’s construction of the ambiguous clause, the government did not breach the agreement. The plea agreement did not make the government a guarantor of Lewis’s presence or participation at any proceeding. At most, the agreement gave Lewis the option to make whatever comment or evidentiary offer he deemed appropriate. The government did not resist any contention by Lewis that he should be present; Lewis’s attorney himself did not object to completing the Rule 35(b) proceeding based on the arguments of counsel. The government did not obviously breach the plea agreement by failing to object to defense counsel’s failure to object.
The court states almost in passing that the district court also “violated the plea agreement” by “allowing the Rule 35(b) hearing to go forward without giving Lewis the opportunity to participate.” Ante, at 762. The court cites no authority that parties to a criminal case can, through a sentence appearing in the midst of a 12-page, 32-paragraph plea agreement, bind a district court to treat the Federal Rules of Criminal Procedure as amended, and then establish a constitutional violation if the court follows the actual rules. By contrast, when the court is bound by a plea agreement to dismiss charges, or to impose a specific sentence, there is a procedure for clear notice to the court and considered acceptance of the agreed disposition. See Fed.R.Crim.P. 11(c)(4), 11(c)(1)(A), (C). In any event, the agreement here was ambiguous for the district court too — the parties certainly never informed the court clearly that they intended to modify the provision of Rule 43(b)(4) concerning the defendant’s presence — and it was not an obvious error for the court to proceed in the normal course when Lewis’s counsel raised no objection.
I would affirm the judgment of the district court.