# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2494

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| William Lonnie Hanshaw, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 12, 2012
Filed: July 26, 2012

_____

Before MELLOY, SMITH and SHEPHERD, Circuit Judges

_____

PER CURIAM.

William Lonnie Hanshaw pleaded guilty, pursuant to a plea agreement, to conspiracy to manufacture over 500 grams of methamphetamine mixture and 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court[1] initially sentenced Hanshaw to 240 months' imprisonment. Thereafter, the government filed a Federal Rule of Criminal Procedure 35(b) motion, recommending a ten-percent reduction in Hanshaw's sentence. The district court held a telephonic hearing on the motion in which the government and Hanshaw's

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

counsel—but not Hanshaw—participated. The court followed the government's recommendation and granted a ten-percent reduction in Hanshaw's sentence. Hanshaw appeals, arguing that the government breached the plea agreement by allowing the Rule 35(b) hearing to proceed in his absence and thereby deprived him of his contractual right to "make whatever comment or evidentiary offer [he] deem[s] appropriate at . . . any . . . proceeding . . . related to [his] case." We affirm.

## I. *Background*

Hanshaw pleaded guilty, pursuant to a plea agreement, to conspiracy to manufacture methamphetamine. Based on the amount of methamphetamine involved and Hanshaw's prior drug-felony conviction, Hanshaw faced a mandatory minimum sentence of 20 years' imprisonment and a maximum sentence of life imprisonment.

Hanshaw's plea agreement was silent on Hanshaw's potential cooperation with the government and on any potentially related reduction in his sentence. The only references to future proceedings appeared in ¶¶ 11 and 16 of the plea agreement. Paragraph 11 referred to "other proceeding[s] related to this case," stating:

> Evidence at Sentencing. *The parties may make whatever comment or evidentiary offer they deem appropriate at the time of* the guilty plea, sentencing, or *any other proceeding related to this case*, provided such offer or comment does not violate any other provision of this Agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

(Emphasis added.)

Paragraph 16 provided that Hanshaw "waives any and all rights to contest his conviction of the subject charge in any post-conviction proceedings," with limited exceptions.

-2-

The district court sentenced Hanshaw to 240 months' imprisonment on June 8, 2009. Almost two years later, on April 25, 2011, the government moved to reduce Hanshaw's sentence pursuant to Federal Rule of Criminal Procedure 35(b). The government stated that Hanshaw had "provided substantial assistance in the investigation and prosecution of other individuals who have committed criminal offenses." The government "recommend[ed] a sentencing reduction of 10% off the sentence to be imposed by the Court."

The district court conducted a telephonic hearing on the Rule 35(b) motion. Counsel for the government and Hanshaw were present, but Hanshaw was not. At no time did Hanshaw's counsel request Hanshaw's presence or object to proceeding in his absence. During the hearing, the government recommended a ten-percent reduction, noting that Hanshaw's information proved only slightly useful to the government. Hanshaw's counsel asked for a 25-percent reduction in Hanshaw's sentence. According to Hanshaw's counsel, Hanshaw's honest efforts to cooperate warranted a larger reduction in his sentence.

The district court followed the government's recommendation and granted a ten-percent reduction in Hanshaw's sentence after noting that Hanshaw provided minimal assistance to the government because the target of an investigation entered a guilty plea without the government's use of information that Hanshaw supplied. The court reduced Hanshaw's sentence from 240 months' imprisonment to 216 months' imprisonment.

## II. *Discussion*

On appeal, Hanshaw argues that ¶ 11 of the plea agreement created a due process right to participate in the Rule 35(b) hearing and that his absence denied him that right. Hanshaw asserts that the Rule 35(b) hearing was a proceeding related to his case as contemplated by the written plea agreement. He argues that ¶ 11 provided that he could make whatever comment or evidentiary offer that he deemed

appropriate at that time. According to Hanshaw, by not being present at the hearing, he was denied this opportunity. He contends that his plea agreement is nearly identical to the plea agreement at issue in *United States v. Lewis*, 673 F.3d 758 (8th Cir. 2011).

In response, the government argues that the district court did not plainly err by failing to sua sponte require Hanshaw's presence at the Rule 35(b) hearing because nothing in Hanshaw's plea agreement afforded Hanshaw the right to participate *personally* in the hearing. The government notes that Hanshaw was represented by counsel, who vigorously argued for a greater reduction than that recommended by the government. According to the government, Hanshaw has failed to identify any additional arguments or information that he could have provided to the district court had he been present. Thus, the government concludes that Hanshaw has failed to demonstrate any error at all, much less plain error.

We lack "'jurisdiction to review Rule 35(b) sentences unless one of four criteria are met under 18 U.S.C. § 3742(a).'" *Id*. at 761 (quoting *United States v. Williams*, 590 F.3d 579, 580 (8th Cir. 2009)).

> These four criteria are: "(1) the sentence was imposed in violation of law, (2) the sentence was imposed using an incorrect application of the sentencing guidelines, (3) the sentence is greater than the applicable guidelines range, or (4) the sentence is imposed for an offense without a sentencing guideline and is plainly unreasonable."

*Id*. (quoting *Williams*, 590 F.3d at 580).

Here, Hanshaw argues "that he was denied the right to participate in the hearing in violation of his plea agreement." *Id*. We have recognized that permitting "'the government to breach a promise that induced a guilty plea violates due process.'" *Id*. (quoting *United States v. Jensen*, 423 F.3d 851, 854 (8th Cir. 2005)).

-4-

"Accordingly, because [Hanshaw] claims that his sentence was 'imposed in violation of law,' his Rule 35(b) sentence is subject to review under § 3742(a)(1)." *Id*.

Because "'[p]lea agreements are contractual in nature,'" we must interpret them "'according to general contractual principles.'" *Id*. at 762 (quoting *Jensen*, 423 F.3d at 854). "[I]t is a familiar principle of contractual interpretation that 'contracts must be interpreted to give effect to every provision,' *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 505 (8th Cir. 1999)." *Id*.

In *Lewis*, the defendant's plea agreement provided that "'[t]he defendant, the defendant's attorney, and the Government attorney may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case.'" *Id*. at 760. "The district court accepted the plea agreement and 'agreed to be bound by that agreement.'" *Id*. (alteration omitted). Thereafter, the government moved to reduce the defendant's sentence pursuant to Rule 35(b) "due to his 'substantial assistance in the investigation and prosecution of other individuals who have committed criminal offenses.'" *Id*. In the motion, the government "briefly discussed the assistance that [the defendant] had provided, including testifying for the State of Illinois in the first-degree murder trial of Marcus Northern." *Id*. The government "also noted that [the defendant] had 'indicated that his family has been threatened by associates of Mr. Northern due to [the defendant's] testimony against him.'" *Id*. The government recommended a 20-percent reduction in the defendant's sentence. *Id*.

The district court held a telephonic hearing on the Rule 35(b) motion. "[The defendant] did not participate in the hearing, nor was he even aware that the motion had been filed. However, [the defendant's] counsel participated in the hearing and did not object to [the defendant's] absence." *Id*. The government argued that the court should only grant the 20-percent reduction because the defendant "is 'a rather notorious thug' whose offense was 'extremely egregious.'" *Id*. The defendant's

"counsel largely agreed that the Government had not 'misrepresented any of the facts concerning [the defendant]." *Id*. Defense counsel informed the court that he had not spoken with the defendant; however, counsel argued that the defendant "'would want [a] 50 percent [decrease] if he were here to speak for himself.'" *Id*. (alterations in original). The district court granted the 20-percent reduction that the government recommended. *Id*.

Two months later, the defendant learned that the district court held the Rule 35(b) hearing in his absence. *Id*. "Dissatisfied with the 24-month reduction and upset that he had not been notified of the hearing, [the defendant] filed a *pro se* motion complaining of 'bad faith' on the part of the Government and requesting a new Rule 35(b) hearing in which he could participate." *Id*. But the defendant "did not mention his plea agreement in this motion or specifically argue that the agreement granted him a right to participate in the Rule 35(b) hearing. The district court denied [the defendant's] motion." *Id*.

On appeal, the defendant "argu[ed] that the Government breached the plea agreement by allowing the hearing to go forward in his absence and thereby depriving him of his contractual right to 'make whatever comment and evidentiary offer [he] deem[s] appropriate at . . . any . . . proceeding related to [his] case.'" *Id*. at 760–61 (alterations in original). Because the defendant failed to raise his claim of breach before the district court, "either through his attorney at the Rule 35(b) hearing or in his *pro se* motion," we reviewed only for plain error. *Id*. at 761. The defendant had to show the following to succeed under a plain-error analysis: "(1) an error, (2) that was plain, and (3) affects substantial rights, and that (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. at 762 (quotations, alterations, and citations omitted).

We noted that the plea agreement in *Lewis* stated "that '[t]he defendant, the defendant's attorney, and the Government attorney may make whatever comment and

evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case.'" *Id*. (emphasis added) (alteration in original). We then held that the district court plainly erred in denying the defendant's "contractual right to participate in the Rule 35(b) hearing." *Id*. at 763.

Here, ¶ 11 of Hanshaw's plea agreement and the *Lewis* plea agreement are virtually identical, except that Hanshaw's plea agreement provides that "*[t]he parties* may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case . . . ." (Emphasis added.) By contrast, the *Lewis* plea agreement provided that "'*[t]he defendant*, the defendant's attorney, and the Government attorney may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case.'" *Id*. at 760 (emphasis added). Thus, while the plea agreement in *Lewis* directly identified the defendant, Hanshaw's plea agreement is ambiguous, as it does not directly identify the defendant but instead identifies "the parties." We must construe any ambiguity in the plea agreement against the government and in Hanshaw's favor. *See id*. at 763 ("Where a plea agreement is ambiguous, the ambiguities are construed against the government." (quotation and citation omitted)). As a result, "parties" could include the defendant, in addition to his counsel. "Thus, even if the language of the plea agreement did not foreclose the Government's interpretation beyond all doubt, the district court was bound to construe the agreement against the Government as guaranteeing [Hanshaw's] right to participate in the Rule 35(b) hearing." *Id*. As a result, the court "committed an error that is 'clear' or 'obvious'" by proceeding with the hearing in Hanshaw's absence. *Id*. (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Even though we construe the plea agreement to provide Hanshaw with the right to participate in the Rule 35(b) hearing, and the district court's failure to permit Hanshaw's participation in the Rule 35(b) hearing was plain error, we hold that, unlike in *Lewis*, the error did not affect Hanshaw's substantial rights. *See id*. As the

government points out in its brief, the "critical distinction" between the present case and *Lewis* is that, in *Lewis*, the defendant's "*pro se* motions suggest[ed] that he had cooperated in the investigation or sentencing of at least fifteen other individuals," apart from the single case that his attorney and the government mentioned during the Rule 35(b) hearing. *Id*. And, in *Lewis*, the defendant claimed that he could have supplied information about threats made against his family as a result of his cooperation—threats about which the district court noted that it lacked information during the Rule 35(b) hearing. *Id*. "Given the significance of this additional information as well as the district court's demonstration of interest in the threats against [the defendant's] family," this court held in *Lewis* "that [the defendant] ha[d] shown a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *Id*. (quotation and citation omitted) (third alteration in original).

By contrast, Hanshaw has not identified any additional information that he would have supplied to the district court or any additional arguments that he would have made to the court had he been present at the Rule 35(b) hearing. He has not identified anything in the record indicating that the district court would have granted a larger reduction in his sentence if he had been personally allowed to participate. Under these circumstances, Hanshaw has failed to show that the error of his absence from the Rule 35(b) hearing affected his substantial rights. *See id*.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____