# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1437

_____

United States of America

*Plaintiff - Appellee*

v.

Byron A. Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: June 25, 2015
Filed: July 16, 2015
[Published]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Byron Brown appeals from the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). For the following reasons, we reverse the court's ruling that Brown is ineligible for a reduction. See United States v. Long, 757 F.3d 762, 763 (8th Cir. 2014) (standard of review).

Brown pleaded guilty to distributing cocaine base, see 21 U.S.C. § 841(a)(1), in accordance with a written plea agreement with the government in which the parties agreed that the final sentence to be imposed, "pursuant to [Federal Rule of Criminal Procedure] 11(c)(1)(C), shall be the greater of the minimum sentence under the U.S.S.G. range as determined by the District Court, or 100 months." The court accepted the plea agreement, and sentenced Brown to 100 months in prison. In 2011, Brown moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The government agreed that Brown was entitled to a reduction, and the court reduced Brown's sentence to 70 months. In November 2014, Brown brought the instant motion for a further reduction based on 2014 amendments to the Guidelines. The government argued this time, however--and the district court agreed--that Brown was not eligible for a reduction, because he had not been sentenced based on a Guidelines sentencing range, but based on a Rule 11(c)(1)(C) plea agreement. Brown argues, as he did below, that his plea agreement shows that a Guidelines range was used to establish his sentence, and that the government should be bound by its position in 2011 favoring the grant of a reduction.

Upon careful review, we conclude that because the Rule 11(c)(1)(C) agreement was for the *greater* of 100 months or the court-determined Guidelines minimum, "the agreement itself employs the particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment," and thus Brown "is eligible to have his sentence reduced under § 3582(c)(2)." Freeman v. United States, 131 S. Ct. 2685, 2698 (2011) (Sotomayor, J., concurring). We reject the government's contention--contrary to its 2011 interpretation of the agreement in supporting a reduction--that an uninitialed partial alteration of the plea agreement can establish that Justice Sotomayor's controlling opinion in Freeman does not squarely apply. In any event, "[w]here a plea agreement is ambiguous, the ambiguities are

construed against the government." See United States v. Lewis, 673 F.3d 758, 763 (8th Cir. 2011).

Accordingly, we reverse the district court's ruling that Brown is ineligible for a section 3582(c)(2) sentence reduction, and remand for exercise of the court's discretion whether to grant the authorized reduction.

_____