United States Court of Appeals

For the Eighth Circuit

_____

No. 15-3112

_____

United States of America

*Plaintiff - Appellee*

v.

Mario Marquell Ward

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 11, 2016
Filed: May 27, 2016
[Unpublished]

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Mario Ward entered into an agreement with the government pleading guilty to possessing stolen firearms, *see* 18 U.S.C. §§ 922(j) and 924(a)(2), the district

court[1] sentenced him to eight years' imprisonment, which was two years below the Guidelines's recommendation and the statutory maximum. Ward contends on appeal that his sentence is substantively unreasonable and that the district court failed to enforce his plea agreement according to its terms. The government moved to dismiss the appeal pursuant to an appeal waiver in the plea agreement, but we decline to address that issue and conclude that the district court did not abuse its sentencing discretion or otherwise err. *See United States v. Franklin*, 695 F.3d 753, 756 n.2 (8th Cir. 2012).

Ward maintains that his sentence is substantively unreasonable because the district court failed to reduce his sentence for acceptance of responsibility. When the district court lowered Ward's offense level for acceptance of responsibility, his Guidelines range was unaffected because his extensive criminal history yielded a Guidelines range exceeding the statutory maximum sentence. The statutory maximum therefore became the Guidelines's recommended sentence, *see* U.S.S.G. § 5G1.1(a), and the district court sentenced Ward below the Guidelines range for reasons other than his acceptance of responsibility. We reject Ward's argument that his below-Guidelines sentence is substantively unreasonable because "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Worthey*, 716 F.3d 1107, 1116 (8th Cir. 2013). And our review of the record reveals that the district court considered Ward's acceptance of responsibility and properly weighed the considerations set out in 18 U.S.C. § 3553(a) in fixing his sentence.

Ward's argument that the district court failed to enforce his plea agreement according to its terms is also without merit. *See United States v. Jensen*, 423 F.3d 851, 853–54 (8th Cir. 2005). In the plea agreement, the government merely stipulated that

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Ward was eligible for an acceptance-of-responsibility reduction. Nowhere did the government promise that Ward would receive a lower sentence as a result of his acceptance of responsibility.

We affirm, and we deny the government's motion to dismiss as moot.

_____