# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1652
_____

United States of America

*Plaintiff - Appellee*

v.

Keshawn Boykins, also known as Turbo Hefner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: December 11, 2023
Filed: January 19, 2024
[Unpublished]
_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

T.M. met defendant Keshawn Boykins when she was seventeen. The two began messaging on Instagram, where Boykins used the name "Turbo Hefner." Soon thereafter, while still seventeen, T.M. moved in with Boykins, and Boykins began having her engage in prostitution. Boykins created online profiles for T.M. on the website Seeking Arrangements and, initially, handled messaging those who responded. Boykins also took nude photos of T.M. on his cell phone "[t]o send to

customers." At least one of the sexually explicit photos that Boykins took of T.M. for "business, to send out" was found on his phone. The phone also contained another explicit photo that T.M. sent to Boykins at his request. Boykins sent that photo from his phone to a contact labeled "David from Seeking Arrangements." In both photos, T.M. was seventeen.

A federal grand jury indicted Boykins on charges of sex trafficking, sex trafficking of a minor, and production and distribution of child pornography. He was arrested, pleaded not guilty, and proceeded to trial. The district court[1] denied Boykins's motions for judgment of acquittal, and the jury found Boykins guilty on all counts. Boykins now appeals, arguing that the district court improperly admitted insufficiently authenticated evidence and that the properly admitted evidence was insufficient to support the child pornography convictions.

We first address Boykins's argument that the district court erred by admitting insufficiently authenticated electronic-communication and social-media evidence obtained from Boykins's phone. Boykins stipulated to the admissibility of the challenged evidence at trial, yet now claims error based on its admission. We have repeatedly held that a defendant waives his right to challenge the admission of evidence after stipulating to its admissibility. *See, e.g.*, *United States v. Rodriguez*, 984 F.3d 704, 710 (8th Cir. 2021) (stipulating to admissibility of a transcript of an audio recording precluded the defendant from subsequently claiming error based on alleged inaccuracies in that transcript); *see also United States v. Mezzanatto*, 513 U.S. 196, 202 (1995) ("[A]greements to waive evidentiary rules are generally enforceable even over a party's subsequent objections."). At the beginning of trial, Boykins stipulated to the admissibility of all exhibits except two photos not at issue in this appeal. His counsel also acknowledged that all the exhibits being admitted—including the now-challenged exhibits—"compl[ied] with the rules of evidence." Thus, Boykins waived his right to raise a subsequent challenge to the authentication of the electronic-communication and social-media evidence.

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

Moreover, even if we found his challenge was not waived, it still fails. "We usually review challenges to the district court's evidentiary rulings for an abuse of discretion, reversing only if an error was not harmless." *United States v. White Bull*, 646 F.3d 1082, 1091 (8th Cir. 2011). "If the admission of a contested piece of evidence was not timely objected to at trial, however, we review for plain error." *Id.* In such instances, we reverse only if the defendant shows "(1) an error, (2) that was plain, and (3) affects substantial rights, and that (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Lewis*, 673 F.3d 758, 762 (8th Cir. 2011) (internal quotation marks and citation omitted). Boykins raised his objection to the authentication of the electronic-communication and social-media evidence for the first time on appeal, so we review for plain error.[2]

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "Sufficient evidence may include the testimony of a witness with knowledge, or 'the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.'" *United States v. Lamm*, 5 F.4th 942, 946 (8th Cir. 2021) (quoting Fed. R. Evid. 901(b)(1), (b)(4)). "[T]he party authenticating the exhibit need only prove a rational basis for that party's claim that

[2]"To preserve an error for appellate review, an objection must . . . clearly state the grounds for the objection." *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (internal quotation marks omitted). Boykins argues that he preserved these arguments for appeal by objecting to a lack of foundation when FBI Special Agent Daniel Turner and the Government attributed messages from the phone to Boykins during Turner's testimony. Boykins made no mention of authentication, nor is it clear that he intended to challenge the admissibility of the text messages themselves. Even if the objection had sufficed to preserve this narrow authentication challenge, we would conclude that the district court did not abuse its discretion in finding sufficient authentication of the phone and its contents. *See United States v. Turner*, 934 F.3d 794, 798 (8th Cir. 2019).

the document is what it is asserted to be." *United States v. Ramirez-Martinez*, 6 F.4th 859, 866 (8th Cir. 2021) (internal quotation marks omitted).

Boykins first challenges the admission of electronic-communication evidence extracted from the cell phone, specifically photos and messages. Testimony from T.M. and Special Agent Turner established that the phone belonged to Boykins, that Boykins gave the number associated with the phone to law enforcement as his contact number, that Boykins admitted to arresting officers that the phone was his, that Boykins kept the phone password protected, that T.M. never used it, and that T.M. never saw anyone except Boykins use it. Special Agent Turner also stated that there were messages on the phone where the author referred to himself by Boykins's nickname "Turbo." T.M. identified a sexually explicit photograph of herself from the phone that she testified was taken by Boykins on his phone "[f]or business, to send out" when she was seventeen years old. T.M. further testified that, at Boykins's request, she sent him sexually explicit photographs of herself when she was still seventeen for use in the business, and she specifically identified one of those photos that was subsequently sent from Boykins's phone to someone else. The court did not plainly err in admitting the messages and photo evidence from the phone, as the evidence presented by the Government "certainly meets the undemanding 'rational basis' standard" and suffices to properly authenticate them. *See id.* at 866-67; *United States v. Turner*, 934 F.3d at 798.

Boykins also challenges the admission of content from his Instagram account. We recognize that authentication of social media evidence may present some "special challenges because of the great ease with which a social media account may be falsified or a legitimate account may be accessed by an imposter." *Lamm*, 5 F.4th at 947. Nonetheless, we have been clear that, just as with phone messages and images, "the Government may authenticate social media evidence with circumstantial evidence linking the defendant to the social media account." *Id.* at 948. Here, T.M. testified to messaging with Boykins via the account. The author of messages from the account referred to himself by Boykins's known nickname, and the account was registered to his email. Thus, the court did not plainly err in admitting the social media content at trial.

Boykins also argues that, because the challenged electronic-communication and social-media evidence should have been excluded, insufficient evidence supported the child-pornography convictions. Because the challenged evidence was properly admitted, this argument also fails. *See United States v. Pliego*, 578 F.3d 938, 941 (8th Cir. 2009) (standard of review). A reasonable jury could find Boykins guilty of both production and distribution of child pornography based on the evidence described above. *See* 18 U.S.C. §§ 2251(a), 2252(a)(2).

For the foregoing reasons, we affirm the judgment of the district court.

_____